**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIM. NO. 16-511** |
| MATTHEW MAFFEI,<br>    a/k/a "Uncle Matt" | : | |

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Defendant Matthew Maffei stands before this Court charged with crimes involving his sexual abuse of a seven-year old child and his manufacturing, transportation, and possession of images of that sexual abuse, as well as the sexual exploitation of other children. His crimes carry significant penalties, by the statutory maximums, mandatory minimums, and by the sentencing guidelines range of 324 to 405 months' imprisonment.   His crimes also carry a presumption that no condition or combination of conditions will reasonably assure his appearance as required and/or the safety of the community, and the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f)(1)(E) for a detention hearing and pretrial detention of the defendant.

I.      **THE FACTS**

On August 3, 2016, officers from the Middletown Police Department in the state of Delaware were called to a residence in Middletown on a report of a rape of a seven-year old girl.   The parents of the child contacted police after their daughter reported that their family friend, defendant Matthew Maffei, made her perform oral sex on him, touched her genitals with his mouth, fingers, and penis, and photographed her naked. The subsequent investigation revealed that Maffei was a friend of the child's mother from grade school.   He visited the family

at their home in Middletown, DE on a number of occasions, and would stay overnight.   On the most recent occasion Maffei stayed at the home from July 14 to July 20, 2016, and sexually abused the child victim numerous times during his stay.   After he left, the child reported to her parents what Maffei had done to her.

At the time defendant Maffei resided in his mother's home in Aston, Delaware County, Pennsylvania, so Delaware detectives contacted Det.Sgt. Ken Bellis of the Delaware County District Attorney's Office Criminal Investigation Division for assistance.   A search warrant for Maffei's residence in Aston executed on August 12, 2016.   Maffei was home at the time of the execution of the warrant, and, after being advised of the reason for the search, agreed to accompany investigators to the Aston Township Police Department to speak about the case.

Upon his arrival at the police station Maffei was advised of his Miranda rights, agreed to waive his rights, and evidenced his waiver by executing a written form.   He was interviewed by Detective Strafford of the Middletown Police Department in Delaware.   The interview was tape recorded, as was the waiver of his rights.   Maffei ultimately confessed to "allowing" the child to kiss, lick, and fondle his penis, and to kissing, licking, and fondling her vagina and buttocks.   He also confessed that the child was naked on top of him while he was naked, and that they "rubbed" naked body parts but didn't actually have sex.   He also told the detective that he sat on the child's face while he was naked.   Maffei minimized his involvement, repeatedly stating that it was the child's idea to engage in these acts, and that he was just being kind by explaining how puberty worked.   He denied any sexual feelings whatsoever, and said he engaged in these acts because she was "adorable."   He stated her butt was adorable and that she had a cute "little vagina, and little slit."   He also admitted that he asked the child to taste his

- 2 -

ejaculate because he thought she was "curious."   Maffei told the investigator that he loved the child and had a special connection with her.   He classified himself as a pedophile, and stated that he preferred "women" between the ages of 10 and 12 years old.

Most significant to federal charges, Maffei admitted that he used his cell phone to take photographs of the child naked and in sexually explicit positions, and that he saved the photos to a flash drive which he brought home to Pennsylvania with him.   He also admitted that he downloaded child pornography from the Internet and transferred the images and videos to flash drives as well.

The search of Maffei's residence resulted in the seizure of numerous pieces of evidence.   The forensic results from the examination conducted by the forensic unit in the Delaware County DA's Office are listed below.   There were a total of 1,052 images of child pornography located on Maffei's seized equipment.   Included among the images were the photos Maffei took of the seven-year old child, which were found on his computer, his cell phone, and on one of his flash drives.   The images depicted her naked vagina, with the child using her hands to spread herself open for the photograph, and her naked buttocks with the child's hands spreading her buttocks cheeks.   The exam confirmed that the images were taken with Maffei's Samsung Galaxy cell phone that was seized by police, and confirmed that the date they were taken was during the time when Maffei was staying at the victim's home.   Also among the images in his collection were hundreds of images and videos of child pornography taken from the Internet that depict mostly prepubescent boys and girls under the age of 12 years, including toddlers.   The images include children in bondage and obvious signs of distress, and children being raped by adult males.

Among other evidence seized was a Springfield Armory .45 caliber handgun, loaded with seven rounds, and a magazine, a smoking pipe and two pill bottles containing marijuana, and a full-sized female mannequin in Maffei's bedroom closet (photos of Maffei ejaculating on the mannequin's face were saved among his child porn collection).   Investigators also found numerous notebooks, one of which contained a love letter (or "poem," according to Maffei), written by him to the seven-year old victim approximately two weeks after he last abused her ("So loveable, such beauty possessed by one so young….I want her to understand things as a woman would….I want to protect her, but should she be protected from me?" The rest is sexually graphic).

Maffei was arrested the day of the search warrant and charged with possession of child pornography in Delaware County, Pennsylvania.   He has been incarcerated in Delaware County since the date of his arrest, as he was unable to post the required $250,000 cash bail. The state of Delaware filed charges for the rape and sexual abuse of the child, and lodged a detainer with Delaware County.   Defendant Maffei is therefore ineligible for release.

## II.     PROBABLE CAUSE AND THE EVIDENCE IN THIS CASE

A.     There is probable cause to believe that the defendant violated 18 U.S.C. §§§§   2251(a) and (e), 2252(a)(1) and (2), and 2252(a)(4)(B), as supported by the indictment that was issued in this case.   The manufacturing charge in § 2251 carries a 15-year mandatory minimum term, and the transportation charge in § 2252(a)(1) and receipt charge in § 2252(a)(2) both require a 5-year mandatory minimum term.   Additionally, pursuant to 18 U.S.C. § 3142(e)(3)(E), all three counts also carry a rebuttable presumption that the defendant must be detained.

- 4 -

B.     The evidence in this case is strong, and includes:

1.     Identification of the defendant by his seven-year old victim, who was close to him and called him "Uncle Matt;"

2.     Sexually explicit photographs of the victim found on multiple pieces of electronic equipment, all seized by a search warrant, and all belonging to the defendant;

3.     Metadata on the photographs that evidences the photos were taken with the same cell phone seized from the defendant by police;

4.     Seizure of the defendant's notebooks in which he authors "love" letters to the child victim, after the sexual abuse;

5.     Recovery of hundreds of images of child pornography from the defendant's computer, depicting mostly children of the same age as the victim;

6.     The defendant's own audiotaped confession, given after Miranda warnings, in which he admitted to each of the offenses charged in the indictment.

## III.     MAXIMUM PENALTIES

### Manufacturing Child Pornography, 18 U.S.C. § 2251(a)(1)
30 years' incarceration, with a 15-year mandatory minimum, 5 years up to a lifetime of supervised release, a $250,000 fine, restitution, and forfeiture.

### Transportation of Child Pornography, 18 U.S.C. § 2252(a)(1)
20 years' incarceration, with a 5-year mandatory minimum term, a minimum 5-year term up to a lifetime of supervised release, a $250,000 fine, and restitution.

### Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2)
20 years' incarceration, with a 5-year mandatory minimum term, a minimum 5-year term up to a lifetime of supervised release, a $250,000 fine, and restitution.

### Possession of Child Pornography, 18 U.S.C. § 2252(a)(4)(B)
Because the images in the defendant's collection depict children under the age of 12 years, the maximum penalty is elevated from 10 to 20 years' incarceration. The other penalties remain the same:   a minimum 5-year term up to a lifetime of

supervised release, a $250,000 fine, and restitution.

**TOTAL MAXIMUM PENALTY**
90 years' incarceration with a 15-year mandatory minimum sentence, a minimum 5-year term up to a lifetime of supervised release, a $1,000,000 fine, and mandatory restitution.   Each of the offenses also carries a $100 special assessment, so that the maximum he may be assessed for all four counts is $400, except, if found to be non-indigent, the special assessment is elevated to a mandatory $20,000 total payment for all offenses committed after 5/29/15.

IV.   **SENTENCING GUIDELINES**

As noted above, the statutory maximum for these crimes is 90-years' incarceration with at least 15 years that must be imposed, but it is also significant to note that his sentencing guideline range is 324 to 405 months' imprisonment.   Maffei is 42 years of age.   If convicted in this case, he faces most, if not the rest, of his life in prison.

V.   **DEFENDANT'S BACKGROUND**

Maffei is single and has no children.   At the time he committed these crimes he was living in his mother's home in Aston, Pennsylvania.   He has been employed by Costco, Inc. since October 2015, but is currently receiving worker's compensation (including while in prison).   Prior to that he was taking classes at Penn State to obtain his bachelor's degree in geosciences, so that he could study volcanos.   He also has his CDL license and had been employed previously as a truck driver, but gave that up to pursue unemployment and the study of geosciences.

VI.   **CONCLUSION**

The defendant is a clear danger to any child in the community.   He faces a minimum of 15 years in prison, and sentencing guidelines of 324 to 405 months' incarceration upon conviction.   Defendant Maffei also has every reason to flee knowing that, at 42 years of

age, he may likely never again live outside of prison.   When all these factors are viewed in light of the lengthy and mandatory prison sentence he faces, it is clear that the defendant cannot rebut the presumption under 18 U.S.C. §§ 3142(f)(1)(E) that no condition or combination of conditions will reasonably assure his presence or the safety of the community.

WHEREFORE, the government respectfully requests the Court to detain this defendant prior to trial.

Respectfully submitted,

LOUIS LAPPEN
United States Attorney


MICHELLE ROTELLA
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 16- |
| MATTHEW MAFFEI,<br>a/k/a "Uncle Matt" | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this _____ day of January, 2017, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

    (a)    the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

    (b)    the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(E).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(1)(E) because:

    (a)    There is probable cause to believe that the defendant has violated Title 18,

United States Code, Sections 2251(a) and (e), 2252(a)(1) and (2), and 2252(a)(4)(B), as charged

in the indictment.   The first two offenses charged against this defendant involve mandatory

minimum terms of incarceration if convicted, the most significant of which is a 15-year term.

These charges also carry a rebuttable presumption that the defendant must be detained.   See 18

U.S.C. § 3142(e)(3)(E).

(b)      The evidence in this case is strong, and includes:

1.      Identification of the defendant by his seven-year old victim, who was

close to him and called him "Uncle Matt;"

2.      Sexually explicit photographs of the victim found on multiple pieces of

electronic equipment, all seized by a search warrant, and all belonging to the defendant;

3.      Metadata on the photographs that evidences the photos were taken with

the same cell phone seized from the defendant by police;

4.      Seizure of the defendant's notebooks in which he authors "love" letters to

the child victim, after the sexual abuse;

5.      Recovery of hundreds of images of child pornography from the

defendant's computer, depicting mostly children of the same age as the victim;

6.      The defendant's own audiotaped confession, given after Miranda

warnings, in which he admitted to each of the offenses charged in the indictment.

(c)      The total maximum penalty defendant Maffei faces is 90 years' imprisonment,

which includes a mandatory year 15-year period of incarceration, and a minimum 5 years up to a

lifetime of supervised release.   A preliminary review calculates his sentencing guidelines at 324

to 405 months' imprisonment as well.   At 42 years of age, if convicted Maffei will likely spend

most, if not the rest of his life in prison.

(d)    The strength and nature of the case against the defendant, combined with

the fact that the defendant will be incarcerated for a mandatory minimum term of 15 years

establishes the defendant's danger to the community and increases the high risk that the

defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of

the Attorney General for confinement in a correction facility separate, to the extent practicable,

from persons awaiting or serving sentences or being held in custody pending appeal; that the

defendant be afforded reasonable opportunity for private consultation with counsel; and that, on

order of a Court of the United States, or on request of an attorney for the government, the person

in charge of the corrections facility in which the defendant is confined deliver the defendant to a

United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____

RICHARD A. LLORET
United States Magistrate Court Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Pretrial Detention, and

Proposed Order was served by e-filing on the following defense counsel:


Felicia Sarner, Assistant Federal Defender
Philadelphia Federal Defender's Office


_____

MICHELLE ROTELLA
Assistant United States Attorney


Date: <u>January 6, 2017.</u>

4