IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 16-511 |
| | : | |
| **MATTHEW MAFFEI** | : | |
| a/k/a "Uncle Matt" | : | |
| | : | |

## GOVERNMENT'S MOTION FOR JUDGMENT AND
## PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through it attorneys, Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania, and Michelle Rotella, Assistant United States Attorney, respectfully requests entry of a judgment and preliminary order of forfeiture, and in support of this motion, the United States represents as follows:

1. The Notice of Forfeiture in the Indictment alleges that the defendant's interest in certain property was forfeitable as a result of the offenses charged in Counts One, Two, Three, and Four of the Indictment.

2. On May 31, 2017, the defendant pled guilty to the manufacture of child pornography, in violation of 18 U.S.C. § 2251(a), as charged in Count One of the Indictment; transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), as charged in Count Two of the Indictment; receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), as charged in Count Three of the Indictment; and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), as charged in Count Four of the Indictment.

3. Based upon the facts set forth at the change of plea hearing and those set forth in the executed plea agreement, the defendant is required, pursuant to 18 U.S.C. § 2253, to criminally forfeit his interest in any and all property, real or personal, used or intended to be used to commit or to facilitate the commission of any violations of 18 U.S.C. §§ 2251 and 2252, as set forth in Counts One through Four of the Indictment; and to which the defendant has pled guilty.

4. The government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One through Four of the Indictment, and that the government has established the requisite nexus between such property and such offenses:

    a) one (1) Dell PP29L laptop computer, bearing serial number JJWJMD1, and containing one 240 GB Fujitsu hard drive, bearing serial number K612T8425FY5;

    b) one (1) Samsung Galaxy cellular telephone, Model SM-N900P, IMEI 256691512404732966; and

    c) one (1) Lexar 32 GB flash drive (blue in color),

as property, real or personal, that was used or was intended to be used to commit, to facilitate the commission of the aforesaid violations (hereinafter referred to as the "Subject Property").

Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture prior to sentencing to allow the parties to suggest revisions or modifications before the Order becomes final as to the defendant under Rule 32.2(b)(4).

The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, and on any person known to have an interest in the Subject Property, in addition to service upon their attorneys, if they are represented.

                                        Respectfully submitted,

                                        LOUIS D. LAPPEN
                                        Acting United States Attorney

                                        /s/
                                        MICHELLE ROTELLA
                                        Assistant United States Attorney

Date:   September 1, 2017

## **CERTIFICATE OF SERVICE**

The foregoing Motion for Judgment and Preliminary Order of Forfeiture, and proposed Order will be served electronically through the District Court Electronic Case System upon:

        Felicia Sarner, Esquire
        Defender Association of Philadelphia
        Suite 540 W, The Curtis Center
        601 Walnut Street
        Philadelphia, PA 19106

        Steven F. O'Meara, Esquire
        212 W. Front Street Suites 104,105
        Media, PA 19063

        /s/
        MICHELLE ROTELLA
        Assistant United States Attorney

Date:   September 1, 2017

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 16-511 |
| | : | |
| MATTHEW MAFFEI | : | |
| a/k/a "Uncle Matt" | : | |

**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

**IT IS HEREBY ORDERED THAT:**

1. As a result of the defendant's guilty plea to Count One of the Indictment, charging a violation of 18 U.S.C. § 2251(a), manufacture of child pornography; Count Two of the Indictment, charging a violation of 18 U.S.C. § 2252(a)(1), transportation of child pornography; Count Three of the Indictment, charging a violation of 18 U.S.C. § 2252(a)(2), receipt of child pornography; and Count Four of the Indictment, charging a violation of 18 U.S.C. § 2252(a)(4)(B), possession of child pornography, for which the government sought forfeiture pursuant to 18 U.S.C. § 2253, the defendant hereby forfeits to the United States all right, title and interest in any property, real or personal, used or intended to be used to commit or to facilitate the commission of these violations.

2. The Court has determined, based on the facts set forth at the change of plea hearing and those set forth in the executed plea agreement, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One through Four of the Indictment and that the government has established the requisite nexus between such property and such offenses:

      a)      one (1) Dell PP29L laptop computer, bearing serial number JJWJMD1, and containing one 240 GB Fujitsu hard drive, bearing serial number K612T8425FY5;

      b)      one (1) Samsung Galaxy cellular telephone, Model SM-N900P, IMEI 256691512404732966; and

      c)      one (1) Lexar 32 GB flash drive (blue in color),

as property, real or personal, that was used or was intended to be used to commit, to facilitate the commission of the aforesaid violations (hereinafter referred to as the "Subject Property").

3.      Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, and to dispose of the Subject Property in accordance with Fed.R.Crim.P. 32.2(b)(3).

4.      The Attorney General, or a designee, pursuant to Fed.R.Crim.P. 32.2(b)(3), is authorized to conduct any discovery necessary to identify, locate, or dispose of property subject to this Order.

5.      Pursuant to Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States Government shall put notice on an official internet government forfeiture site for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or

interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

      6.      The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

      7.      Any person, other than defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

      8.      Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. *See* <u>United States v. Bennett</u>, 423 F.3d. 271 (3rd Cir. 2005)(to be effective, a forfeiture order must be included in sentence and judgment).

      9.      Following the disposition of any petition filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

      10.      The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

      11.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

12. In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the United States Marshal Service; the Federal Bureau of Investigation ("FBI"); and to counsel for the parties.

**ORDERED this        day of                        , 2017.**

_____
HONORABLE MITCHELL S. GOLDBERG
*Judge, United States District Court*