STEPHEN MECHANICK, M.D.
14 ELLIOTT AVENUE, SUITE 9
BRYN MAWR, PA 19010-3412

January 8, 2018

Steven F. O'Meara, Esq.
212 W. Front Street, Ste. 105
Media, PA 19063

Re:   Commonwealth of PA v. Matthew P. Maffei

Dear Mr. O'Meara:

I am writing to you concerning my psychiatric reevaluation of Matthew Maffei. As you are aware, Mr. Maffei is a 42-year-old man (birthdate 10/17/1974) who has been charged in Pennsylvania with Sexual Abuse of Children, multiple counts of Child Pornography, and multiple counts of Criminal Use of Communication Facility. Police responded on August 3, 2016 to a report that Mr. Maffei had sexually assaulted a seven-year-old female in her home in Middletown, Delaware. Mr. Maffei was alleged to have taken photographs of the victim with his cellphone.

Mr. Maffei's Delaware County, Pennsylvania home was searched on August 12,2016. During that search, Mr. Maffei allegedly confessed to sexually assaulting and photographing the 7-year-old victim, taking photographs with his cellphone, and copying the photographs to his computer. Examination of Mr. Maffei's computer allegedly revealed more than 225 images of child pornography.

You requested that I evaluate Mr. Maffei to evaluate issues relevant to mitigation and sentencing. I met with Mr. Maffei at the Philadelphia Federal Detention Center on January 5, 2018. My examination of Mr. Maffei lasted approximately two hours.

I reviewed the following documents in the course of preparing this report:

1. Abstract of Order for Presentence Investigation.
2. Memorandum from ADA Christopher Boggs to James Wright dated 11/3/16.
3. Police Criminal Complaint and Affidavit of Probable Cause.
4. Delaware County and Federal Court discovery documents.
5. Adult Complaint and Warrant, State of Delaware v. Matthew P. Maffei.

EXHIBIT D-3

PSYCHIATRIC EVALUATION OF MATTHEW MAFFEI
STEPHEN MECHANICK, M.D.
JANUARY 8, 2018

6. Delaware County Court of Common Pleas Criminal Program Subpoena for Arraignment.
7. Pennsylvania State Police Criminal History Record for Matthew Maffei.
8. Transcript of Detective Stafford's interview of Matthew Maffei on 8/12/16.

CONCLUSION:

It is my opinion that the following factors are relevant to Mr. Maffei's mitigation and sentencing:

1. Mr. Maffei's cousin sexually abused him when Mr. Maffei was between nine and eleven years old. Experiences of childhood sexual abuse may create an association in the minds of the victims between children and sexuality, and Mr. Maffei's experiences

2. Mr. Maffei's father, brother, and sister have had problems with depression. Mr. Maffei had a strong genetic risk of developing depression as a result of his family history.

3. Mr. Maffei had a history of depression dating back approximately to age 13, when he had counseling for eight to twelve months. Mr. Maffei continued to have a low-level, chronic depression throughout his adolescence and adulthood. He did not receive treatment for his depression until his current incarceration. Mr. Maffei's chronic depression and low self-esteem contributed to his interpersonal problems. Mr. Maffei coped with these problems in part by withdrawing, becoming isolated, and using pornography for sexual gratification.

4. Mr. Maffei was exposed to his father's depression during his childhood. He reports that his father was very detached and slept a lot. Mr. Maffei's parents separated when he was 13 or 14 years old, and he saw his father infrequently after his parents separated. Mr. Maffei's exposure to his father's depression, and the loss of his relationship with his father during his childhood, likely contributed to his persistent depression, low self-esteem, isolation, and dysfunctional use of pornography.

5. Mr. Maffei smoked marijuana beginning at age 18, including periods when he smoked it up to twice a day. Mr. Maffei's marijuana use and intoxication with marijuana impaired his judgment, impaired his impulse control, and contributed to his use of pornography, as well as his inappropriate sexual behavior with the victim in the case that occurred in Delaware.

6. Mr. Maffei's viewing of child pornography began after he was viewing other pornography. Like many other sexual offenders, Mr. Maffei progressively searched for more stimulating pornographic materials.

The following are positive factors for Mr. Maffei's potential for rehabilitation and for reducing his risk of reoffending:

PSYCHIATRIC EVALUATION OF MATTHEW MAFFEI
STEPHEN MECHANICK, M.D.
JANUARY 8, 2018

1. Mr. Maffei did not have a history of criminal behavior, arrests, or convictions prior to the current charges. The absence of such history reduces his risk of reoffending.

2. Mr. Maffei does not have an antisocial personality disorder. People who have antisocial personality disorders are less likely to respond to treatment, and Mr. Maffei does not meet criteria for this diagnosis.

3. During his current incarceration, Mr. Maffei has been taking an antidepressant, Prozac (fluoxetine) for the first time. Mr. Maffei reports that his depression has remitted with this treatment. Successful treatment of depression would help improve Mr. Maffei's social and occupational functioning, and to make him less likely to reoffend.

4. Mr. Maffei's history of viewing child pornography, and his offenses in Delaware, meet criteria for the diagnosis of Pedophilia, non-exclusive type. His preference was for female children. Offenders who prefer to view male child pornography have a higher rate of reoffending.

5. Mr. Maffei has a history of romantic and sexual relationships with age-appropriate, adult females. This history increases Mr. Maffei's potential for responding to sex offender-specific treatment and reduces his risk of reoffending.

6. Mr. Maffei is currently 42-years old. The risk of sexual reoffending decreases with age, particularly during the fourth and fifth decades of life.

7. Mr. Maffei has an alleged history of sexual contact with one female child who was known to him. Individuals who have a history of contact with victims who are unknown to them, and/or with multiple victims, have a higher risk of recidivism than those who do not have that history.

8. Mr. Maffei would benefit from substance abuse treatment. Refraining from use of marijuana, as well as other substances, would reduce Mr. Maffei's risk of reoffending. Mr. Maffei's abstinence from drugs could be monitored with random drug screening once he is released from prison and he is on probation.

9. Mr. Maffei has at least average intelligence. He has sufficient intellectual capacity to benefit from sexual offender-specific treatment.

7. Mr. Maffei does not have a psychotic disorder that would interfere with his ability to benefit from treatment.

8. Mr. Maffei recognizes and acknowledges that his behavior related to the current charges was wrong and unlawful.

9. Mr. Maffei is motivated not to reoffend.

10. Mr. Maffei did not have any sexual offender treatment prior to his arrest for the current charges and, therefore, has never failed to benefit from such treatment.

11. The only sexual offender treatment that Mr. Maffei has received to date was group counseling, which he reports he completed at the George W. Hill Correctional Institution after he was arrested for the current charges. (Mr. Maffei was at the George W. Hill in Delaware County, Pennsylvania prior to

3

PSYCHIATRIC EVALUATION OF MATTHEW MAFFEI
STEPHEN MECHANICK, M.D.
JANUARY 8, 2018

his transfer to the Philadelphia Federal Detention Center).  Mr. Maffei does not have any history of failing to comply with or benefit from treatment.

12. Mr. Maffei could benefit from additional sexual offender-specific treatment, which would reduce his risk of reoffending.

The opinions that I have expressed in this report have been stated to a reasonable degree of medical and psychiatric certainty.  I reserve the right to supplement this report should additional information become available.

Stephen Mechanick, M.D.

4